## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

EBONY HAYS, et al.,                    *

    Plaintiffs,                    *

    v.                              *                    CIVIL NO. JKB-24-3306

LRW TRAFFIC SYSTEMS LLC, et al.,       *

    Defendants.                    *

    *    *    *    *    *    *    *    *    *    *    *    *

## MEMORANDUM AND ORDER

Pending before the Court is a Joint Motion for Approval of Collective Action Settlement and Direction of Notice. (ECF No. 97.) The Motion will be denied without prejudice, and the parties will be directed to file a renewed motion.

### I.    Background

#### A. Factual Background

Plaintiffs brought suit on behalf of themselves and all other similarly situated workers against Defendants LRW Traffic Systems and its President, Robert Scott-Coples (the "LRW Defendants") and Stella May Contracting and B. Frank Joy (the "General Contractor Defendants"). (ECF No. 74.)

Plaintiffs allege that they work or worked for the LRW Defendants as construction flaggers. (*Id.* ¶ 31.) Plaintiffs also allege the General Contractor Defendants subcontracted with the LRW Defendants to provide construction-flagging work for various worksites. (*Id.* ¶ 33.) Plaintiffs allege that they were not adequately paid for their time. They allege that they were directed to report to the "LRW Yard" thirty minutes to an hour before they were needed at a construction site and that they were required to return to the LRW Yard after completing jobs, but

that the LRW Defendants did not pay the flaggers for the time spent before they arrived at a construction site or after they left it, even though they were still on duty. (*Id.* ¶¶36–42; 53–55.) Plaintiffs also allege that, when they were assigned by the LRW Defendants to work two shifts on separate sites, LRW did not pay for both shifts, and also did not pay for travel time between the sites. (*Id.* ¶¶ 48–50.) Further, Plaintiffs allege that they were generally not able to take meal or other breaks, but that such meal breaks were deducted from their pay. (*Id.* ¶¶ 46–47.) In addition, when Plaintiffs were not assigned to a shift at a construction site, they were still scheduled for "standby" at the LRW Yard, but they were not uniformly paid for the standby hours. (*Id.* ¶¶ 56–60.)

Certain Plaintiffs also allege that the LRW Defendants have retaliated against them for seeking to be paid fairly for their time. (*Id.* ¶¶ 120–139.) Plaintiffs allege that,

> the LRW Defendants have aggressively made life worse for Flaggers who complained about their due pay through the Petition and this lawsuit. They have responded to Plaintiffs' lawful protected activity by: (1) reducing their hours; (2) disciplining them for baseless conduct or for conduct which had not been cause for discipline prior to the Plaintiffs' lawful protected activity; (3) threating termination; and (4) terminating Plaintiffs.

(*Id.* ¶ 122.)

On the basis of these allegations, Plaintiffs brought several counts against Defendants: Count I alleges a violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*; Count II alleges a violation of the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. &. Emp. §§ 3-401 *et seq.*; and Counts III and IV allege violations of the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. &. Emp. §§ 3-501 *et seq.* Plaintiffs also bring two retaliation-related claims: Count V and Count VI.

2

**B. Procedural Background**

Plaintiffs filed this case in November 2024. (*See* ECF No. 1.) In December 2024, Plaintiffs

filed a Motion for Conditional Certification of Collective Action and Court-Approved Notice

under the FLSA. (*See* ECF No. 17.) The Court denied that motion without prejudice when the

parties reported that they were engaging in mediation. (ECF No. 73.)

The parties now report that they participated in mediation, and reached a resolution. (*See*

ECF No. 97-1 at 4.) Pending before the Court is a Joint Motion for: (1) Approval of Collective-

Action Settlement and (2) Direction of Notice. (ECF No. 97.) The parties ask the Court to "(a)

approv[e] notice to the Proposed Settlement Collective; (b) grant[] final approval of the executed

settlement term sheet between the Parties dated May 13, 2025 (the 'Settlement Agreement'); (c)

order[] distribution of the settlement proceeds pursuant to the Settlement Agreement; and (d)

approv[e] the award of attorneys' fees and costs to Plaintiffs' counsel pursuant to the Settlement

Agreement." (ECF No. 97-1 at 2.) As the parties explain:

> The LRW Defendants have agreed to pay Seven Hundred and Sixty Thousand
> Dollars ($760,000.00) to settle the claims in this action against both themselves and
> the General Contractor Defendants. The Settlement Agreement calls for: (a)
> Settlement payments to eligible current and former workers who wish to join the
> Settlement up to $420,000; (b) $5,000 service payments to each of the five Named
> Plaintiffs; (c) $95,000 retaliation damages to the nine Plaintiffs named for
> retaliation purposes, and (d) Plaintiffs' counsel's fees and expenses of $220,000.
> The costs of Settlement administration also will come from the Settlement funds.

(*Id.* at 5.) The parties explain that there are 552 current and former LRW workers who are eligible

to participate in the settlement. (*Id.*)

Several Plaintiffs have opted into the suit. (ECF Nos. 1-2, 1-3, 11-2, 11-3, 18, 42, 45, 46,

51, 69, 76–90, 92, 95–96, 99–104.)

**II.  Legal Standards and Analysis**

The FLSA provides that:

An action to recover the liability [for a statutory violation] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

29 U.S.C. § 216(b). "This provision establishes an 'opt-in' scheme, whereby potential plaintiffs must affirmatively notify the court of their intentions to be a party to the suit." *Quinteros v. Sparkle Cleaning, Inc.*, 532 F. Supp. 2d 762, 771 (D. Md. 2008).

"[D]istrict courts have discretion, in appropriate cases, to allow such claims to proceed as a collective action and to facilitate notice to potential plaintiffs." *Id.* The court must determine whether potential collective action members are "similarly situated." *Id.* at 771–72. Courts employ "a two-step process to test the sufficiency of the purported class: (1) a pre-discovery determination that the purported class is similarly situated enough to disseminate a notice . . . ; and (2) a post-discovery determination, typically in response to a motion for decertification, that the purported class is indeed similarly situated." *Jackson v. Am. Elec. Warfare Assocs., Inc.*, Civ. No. TDC-22-1456, 2023 WL 5154518, at *2 (D. Md. Aug. 10, 2023). Further, "[e]ven when parties agreed to settle an FLSA dispute on behalf of a class of similarly situated employees, some final class certification determination must be made before approving a collective action settlement." *Edelen v. Am. Residential Servs., LLC*, Civ. No. DKC-11-2744, 2013 WL 3816986, at *4 (D. Md. July 22, 2013); *see also Graham v. Famous Dave's of Am., Inc.*, Civ. No. DKC-19-0486, 2022 WL 17584274, at *7 (D. Md. Dec. 12, 2022) (explaining that the second stage "usually occurs following discovery but must occur in any event before approving a collective action settlement").

"The Fourth Circuit has not established a definitive rubric for determining the propriety of an FLSA settlement, but district courts in this circuit have adopted the considerations set forth in [*Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982)]." *Berman v. Mid-Atl. Eateries, Inc.*, Civ. No. ABA-23-2840, 2024 WL 3597191, at *2 (D. Md. July 31, 2024). "Under

4

this approach, the Court determines whether a settlement provides 'a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Id.* (quoting *Lynn's Food Stores*, 679 F.2d at 1355).

Here, the parties ask the Court to "(a) approv[e] notice to the Proposed Settlement Collective; (b) grant[] final approval of the executed settlement term sheet between the Parties dated May 13, 2025 (the 'Settlement Agreement'); (c) order[] distribution of the settlement proceeds pursuant to the Settlement Agreement; and (d) approv[e] the award of attorneys' fees and costs to Plaintiffs' counsel pursuant to the Settlement Agreement." (ECF No. 97.)

As discussed above, this Court has not yet made any certification decisions in this case, and the parties' briefing does not address case law that provides that a certification decision must be made before approving a collective settlement action. *See, e.g.*, *Edelen*, 2013 WL 3816986, at *4. In particular, the briefing does not address a line of cases from this district, which provide that approval of an FLSA settlement prior to certification and notice is not appropriate. *See Smock v. Meridian Senior Living, LLC*, Civ. No. DKC-23-1154, 2024 WL 4792123 (D. Md. Nov. 14, 2024); *Leigh v. Bottling Grp., LLC*, Civ. No. DKC-10-0218, 2011 WL 1231161 (D. Md. Mar. 29, 2011); *Sharnee Smith v. Sodexo, Inc.*, Civ. No. PX-22-00984, 2024 WL 446258 (D. Md. Feb. 6, 2024). In those cases, the Court took issue with the procedure suggested by the parties, which would have the Court finally approve the settlement prior to class certification and prior to providing notice to the class of their opt-in rights. For instance, in *Leigh* (as here), "the parties ask[ed] the court to approve the settlement, certify the class of putative plaintiffs, and facilitate notice to the class members of their rights to opt-in to the settlement at the same time." *Leigh*, 2011 WL 1231161, at *2. The court explained that it:

> [would] decline to approve the proposed settlement, but will permit the parties to amend and re-file their motion and supporting documents, requesting conditional

5

certification of the collective class and facilitation of notice of the proposed settlement to putative class members.

*Id.* at *4. The court went on to explain that it would schedule a hearing at which "opt-in plaintiffs would be permitted to voice any objection to the proposed settlement by either appearing in person or by submitting written objections in advance." *Id.* at *5.

Thus, the Court will deny without prejudice the pending Motion. To the extent the parties wish to pursue the settlement, they must either file a renewed motion consistent with the above, or else provide "reasoned authority supporting the appropriateness of settlement on a class-wide basis prior to certification of the case as a collective action and prior to any notice of the suit or [potential plaintiffs'] ability to opt-in being provided to putative class members[.]" *Smock*, 2024 WL 4792123 at *1.[1] Further, any renewed briefing must address whether the Court should hold a fairness hearing prior to any final settlement approval decision.[2]

Given that the Court is denying the Motion without prejudice, the Court brings two other deficiencies to the parties' attention. First, the briefing is insufficient with respect to the request for certification. That portion of the brief spans approximately one page, cites to one case, and is too spare for the Court to make a reasoned assessment as to the propriety of certification. Second, the request for attorneys' fees is similarly deficient. The portion of the brief devoted to a (quite hefty) request for fees spans about half a page and cites to no authority. That is inadequate.

## III.   Conclusion

For the foregoing reasons, it is ORDERED that:

---

[1] The Court recognizes that many plaintiffs have filed opt-in notices. To the extent that the parties believe that this obviates the need for the Court to certify the class and direct notice before approving the settlement, they must explain why, with citation to authority.

[2] The Court recognizes that such a hearing is not required under the FLSA, but that several courts have found it appropriate to hold such hearings. *See Rosales v. Rock Spring Contracting LLC*, Civ. No. RCY-23-407, 2024 WL 1417955, at *4 (E.D. Va. Apr. 2, 2024).

1.  The Joint Motion for Approval of Collective Action Settlement and Direction of
    Notice (ECF No. 97) is DENIED; and

2.  The parties are DIRECTED to file a renewed Motion by September 19, 2025.

DATED this 20 day of August, 2025.

BY THE COURT:

James K. Bredar
United States District Judge