IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EBONY HAYS, et al.,                          *

    Plaintiffs,                              *

    v.                                       *          CIVIL NO. JKB-24-3306

LRW TRAFFIC SYSTEMS LLC, et al.,             *

    Defendants.                              *

\*     \*     \*     \*     \*     \*     \*  .  \*     \*     \*     \*     \*

## MEMORANDUM

Pending before the Court is the parties' Joint Motion for Final Collective Certification and Final Settlement Approval. (ECF No. 128.) The Motion will be granted.

### I.   Background

#### A.  Factual Background

The Court has detailed the factual background in prior memoranda. (ECF Nos. 106, 119.) In short, Plaintiffs brought suit on behalf of themselves and all other similarly situated workers against Defendants LRW Traffic Systems, its President, Robert Scott-Coples, Stella May Contracting, and B. Frank Joy. Plaintiffs alleged that they were construction flaggers and that they were not adequately paid for their time, and several Plaintiffs alleged that Defendants retaliated against them for seeking the compensation owed to them. Based upon these allegations, Plaintiffs brought the following claims: Count I alleges a violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*; Count II alleges a violation of the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Emp. §§ 3-401 *et seq.*; and Counts III and IV allege violations of the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab.

&. Emp. §§ 3-501 *et seq.* Plaintiffs also brought two retaliation-related claims: Count V and Count VI.

### B. Procedural Background

The parties reached a resolution of Plaintiffs' claims. The parties summarized the terms of the settlement as follows:

> The LRW Defendants have agreed to pay Seven Hundred and Sixty Thousand Dollars ($760,000.00) to settle the claims in this action against both themselves and the General Contractor Defendants. The Settlement Agreement calls for: (a) Settlement payments to eligible current and former workers who wish to join the Settlement up to $420,000; (b) $5,000 service payments to each of the five Named Plaintiffs; (c) $95,000 retaliation damages to the nine Plaintiffs named for retaliation purposes, and (d) Plaintiffs' counsel's fees and expenses of $220,000. The costs of Settlement administration also will come from the Settlement funds.

(*Id.* at 5.) The parties sought approval of the settlement. (ECF No. 112.)

The Court preliminarily approved the settlement and conditionally certified the collective action. (ECF No. 119–20.) The Court also directed the distribution of the Notice Form to all eligible members of the collective and set a 90-day deadline for collective members to opt into this action. (*Id.*) Several Plaintiffs have opted into the suit. (ECF Nos. 1-2, 1-3, 11-2, 11-3, 18, 42, 45, 46, 51, 69, 76–90, 92, 95–96, 99–105, 107–108, 111, 113, 118, 121–126.)

The parties now seek final approval of the settlement and final certification of the collective. (ECF No. 128.)

### II. Analysis

The Court concludes that it need not conduct a fairness hearing to determine the fairness of the settlement, that the collective should be certified, and that the settlement should be approved.

### A. Fairness Hearing

The Court directed the parties to provide "reasoned authority addressing whether this Court should hold a fairness hearing before granting final approval of the settlement." (ECF No. 120 at

2

4.) The parties have done so, and the Court is persuaded that it need not hold a fairness hearing prior to approval of the settlement here. *See Hager v. Omnicare, Inc.*, No. 5:19-CV00484, 2021 WL 5311307, at *4 & n.2 (S.D.W. Va. Nov. 15, 2021) ("The standard for settlement approval under the FLSA is much less rigorous than the standard under Fed. R. Civ. P. 23, because Rule 23 settlements extinguish the claims of non-participating class members."); *Rosales v. Rock Spring Contracting LLC*, Civ. No. 23-407-RCY, 2024 WL 1417955, at *3–4 (E.D. Va. Apr. 2, 2024) ("No hearing is needed to investigate the fairness of FLSA collective action settlements." (citation and internal quotation marks omitted)); *Gorrell v. Wake Cnty.*, Civ. No. 21-00129-M, 2022 WL 3222003, at *4 (E.D.N.C. Aug. 9, 2022) (concluding that no fairness hearing was necessary in an FLSA action); *Brockman v. Keystone Newport News, LLC*, Civ. No. 15-74, 2018 WL 4956514, at *2 (E.D. Va. Oct. 12, 2018) (explaining that "a hearing is not required, [but] the Court may *sua sponte* order a fairness hearing to determine if settlement should be approved"); *Johnson v. PHP of NC, Inc.*, Civ. No. 23-462-M, 2025 WL 2717423, at *3 (E.D.N.C. Sept. 24, 2025) ("No hearing is needed to investigate the fairness of the Settlement Agreement.").

### B. Final Collective Certification

"[D]istrict courts have discretion, in appropriate cases, to allow such claims to proceed as a collective action and to facilitate notice to potential plaintiffs." *Quinteros v. Sparkle Cleaning, Inc.*, 532 F. Supp. 2d 762, 771 (D. Md. 2008). The court must determine whether potential collective action members are "similarly situated." *Id.* at 771–72. Courts employ "a two-step process to test the sufficiency of the purported class: (1) a pre-discovery determination that the purported class is similarly situated enough to disseminate a notice . . . ; and (2) a post-discovery determination, typically in response to a motion for decertification, that the purported class is indeed similarly situated." *Jackson v. Am. Elec. Warfare Assocs., Inc.*, Civ. No. TDC-22-1456,

2023 WL 5154518, at *2 (D. Md. Aug. 10, 2023). Further, "[e]ven when parties agreed to settle an FLSA dispute on behalf of a class of similarly situated employees, some final class certification determination must be made before approving a collective action settlement." *Edelen v. Am. Residential Servs., LLC*, Civ. No. DKC-11-2744, 2013 WL 3816986, at *4 (D. Md. July 22, 2013); *see also Graham v. Famous Dave's of Am., Inc.*, Civ. No. DKC-19-0486, 2022 WL 17584274, at *7 (D. Md. Dec. 12, 2022) (explaining that the second stage "usually occurs following discovery but must occur in any event before approving a collective action settlement").

In determining whether certification is appropriate, "courts typically consider three factors: (1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; and (3) fairness and procedural considerations." *Gionfriddo v. Jason Zink, LLC*, 769 F. Supp. 2d 880, 886 (D. Md. 2011) (citation and internal quotation marks omitted).

The Court concludes that final collective certification is appropriate here. With respect to the first factor, the collective covers construction flaggers who worked for LRW Traffic Systems between. These flaggers had similar job responsibilities, were subject to similar oversight, and suffered common allegedly illegal wage practices. *See Graham v. Famous Dave's of Am., Inc.*, Civ. No. DKC 19-0486, 2022 WL 17584274, at *7 (D. Md. Dec. 12, 2022) ("Although they may have worked at different restaurant locations in Maryland and may have been employed in different tipped service positions, they were allegedly subject to the same wage practices, including the claiming of a tip credit."). With respect to the second factor, Defendants have not raised individualized defenses and "the risk of complications from individualized defenses is not as much of a concern when a collective action is certified for settlement purposes." *Id.* And with respect to the third factor, "fairness and procedural considerations counsel in favor of certifying this

4

collective action to allow for a mass resolution of the plaintiffs' claims such that hundreds of individual lawsuits asserting almost identical FLSA claims are unnecessary for the plaintiffs to obtain relief." *Id.*

Thus, the Court concludes that final collective certification is warranted.

### C. Final Approval of the Settlement

"The Fourth Circuit has not established a definitive rubric for determining the propriety of an FLSA settlement, but district courts in this circuit have adopted the considerations set forth in [*Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982)]." *Berman v. Mid-Atl. Eateries, Inc.*, Civ. No. ABA-23-2840, 2024 WL 3597191, at *2 (D. Md. July 31, 2024). "Under this approach, the Court determines whether a settlement provides 'a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Id.* (quoting *Lynn's Food Stores*, 679 F.2d at 1355). The Court incorporates its prior discussion in which it concluded that there was a bona fide dispute and that the settlement presented fair and reasonable terms. (ECF No. 119 at 12–18.) Nothing changes the Court's analysis on those topics at this more advanced stage of the litigation. The Court concludes that final approval of the settlement is appropriate.

### III. Conclusion

For the foregoing reasons, the Joint Motion for Final Collective Certification and Final Settlement Approval (ECF No. 128) will be granted in a separate order.

DATED this _12_ day of May, 2026.

BY THE COURT:

James K. Bredar
United States District Judge

5